**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| INGRID BLIZZARD ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 2:06-CV-891-MEF |
| ) | |
| ) | |
| FEDERAL EXPRESS CORPORATION, ) | |
| ) | ANSWER TO PLAINTIFF'S |
| ) | COMPLAINT |
| Defendant. ) | |
| ) | |

The Defendant, Federal Express Corporation, d/b/a FedEx Express ("FedEx"), files the following answer to Plaintiff's complaint.

1. FedEx is without sufficient information to admit or deny the allegations of Paragraph 1 of Plaintiff's Complaint, and thus denies the same and demands strict proof thereof.

2. FedEx states that its complete name is "Federal Express Corporation." FedEx denies that its principal office is located at 2770 Gunter Park Drive, Montgomery, Alabama 36109, but it admits that it has a facility at 2770 East Gunter Park Drive in Montgomery. FedEx admits that it is in the shipping business. FedEx denies that the approximate number of employees employed by it is "200/300." To the extent that Paragraph 2 can be construed as alleging any liability on the part of FedEx, FedEx denies the allegations of Paragraph 2 of Plaintiff's Complaint and demands strict proof thereof.

3. FedEx admits that this Court has jurisdiction over this matter. FedEx denies that it violated any law, including Title VII, and it denies that Plaintiff is entitled to any of the relief that she seeks. In all other respects, FedEx is without sufficient information to admit or deny the allegations of Paragraph 3 of Plaintiff's Complaint, and

thus denies the same and demands strict proof thereof.

4. FedEx admits that Plaintiff's employment with FedEx was terminated, but it denies that it violated any law, including Title VII, and it denies that Plaintiff is entitled to any of the relief that she seeks.

5. FedEx admits that Plaintiff is not presently employed by FedEx, and that Plaintiff worked for FedEx for approximately five and a half years. FedEx admits that Plaintiff was discharged.

6. FedEx denies that its conduct was discriminatory with respect to Plaintiff's race or any other protected characteristic. FedEx denies that any unlawful employment practices were committed by FedEx. In all other respects, FedEx denies the allegations of Paragraph 6 of Plaintiff's Complaint and demands strict proof thereof.

7. FedEx admits that it employs Nick Ashner, but FedEx denies that any unlawful employment practices were committed against Plaintiff by Nick Ashner or any other FedEx employee. In all other respects, FedEx denies the allegations of Paragraph 7.

8. Denied.

9. FedEx admits that Plaintiff is a former employee of FedEx. In all other respects, FedEx is without sufficient information to admit or deny the allegations of Paragraph 9 of Plaintiff's Complaint, and thus denies the same and demands strict proof thereof.

10. FedEx admits that Plaintiff was employed at FedEx's facility at 2770 East Gunter Park Drive, Montgomery, Alabama. In all other respects, FedEx is without sufficient information to admit or deny the allegations of Paragraph 10 of Plaintiff's

Complaint, and thus denies the same and demands strict proof thereof.

11.  FedEx is without sufficient information to admit or deny the allegations of Paragraph 11 regarding the timing or contents of a charge of discrimination Plaintiff allegedly filed with the EEOC.  FedEx denies the Plaintiff was discriminated against on the basis of her race.  FedEx admits that a copy of a Notice-of-Right-to-Sue letter has attached to Plaintiff's complaint.  In all other respects, FedEx denies the allegations of Paragraph 11 of Plaintiff's Complaint, and demands strict proof thereof.

12.  FedEx denies that the Plaintiff is entitled to any of the relief that she seeks.

## AFFIRMATIVE DEFENSES.

### FIRST AFFIRMATIVE DEFENSE

The Complaint and each purported cause of action allegation therein fails to state a claim upon which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

Defendant's actions with respect to Plaintiff were based upon legitimate, non-discriminatory and non-retaliatory factors.

### THIRD AFFIRMATIVE DEFENSE

The Complaint and each purported cause of action is barred, in whole or in part, because Plaintiff failed to fulfill conditions and/or terms of her employment.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred, in whole or in part, by Plaintiff's failure to comply with the procedural prerequisites for a lawsuit, including timely filing of charges of discrimination with regard to some or all of the matters alleged in her Complaint and the receipt of a "right to sue" letter concerning those matters.

### FIFTH AFFIRMATIVE DEFENSE

If and to the extent that Plaintiff has suffered the damages alleged in any of the causes of action asserted in her Complaint, Plaintiff's own negligence and/or willful misconduct directly and proximately caused or contributed to some or all of the damages claimed.

### SIXTH AFFIRMATIVE DEFENSE

With regard to some or all of the matters alleged in each purported cause of action in Plaintiff's Complaint, Plaintiff is guilty of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

By her own inequitable conduct and/or consensual conduct with respect to matters alleged in her Complaint, Plaintiff is estopped from asserting some or all of the claims in her Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

If and to the extent that Defendant made any adverse employment decisions with respect to Plaintiff, those decisions fell within the legitimate exercise of business or managerial discretion and therefore cannot provide any basis for recovery of the damages claimed in Plaintiff's Complaint.

### NINTH AFFIRMATIVE DEFENSE

With respect to each purported cause of action in her Complaint, Plaintiff has failed to exercise reasonable diligence to mitigate her alleged damages and/or injuries. To that extent, Plaintiff may not recover damages from Defendant.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, should be offset by any subsequent earnings or benefits and by any damages caused by Plaintiff to Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

At all times referred to in Plaintiff's Complaint, Defendant did not act wantonly, maliciously, fraudulently or oppressively.

## TWELFTH AFFIRMATIVE DEFENSE

Because of Plaintiff's negligent or improper conduct, acts, and omissions, each of Plaintiff's purported causes of action is barred by the doctrine of waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the failure of Plaintiff to comply with all conditions precedent to the commencement of this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the Plaintiff's failure to exhaust administrative remedies.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from alleging in this action matters which are not properly alleged within the scope of charges of discrimination timely filed by Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

In the event that any of the allegations of unlawful conduct are found to have merit, FedEx took prompt and effective action to remedy the acts and has no liability for them.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by FedEx, or to avoid harm otherwise.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of judicial or equitable estoppel, res judicata or claim preclusion.

## NINETEENTH AFFIRMATIVE DEFENSE

At all times relevant to this suit FedEx acted with good faith towards Plaintiff and had reasonable grounds for believing that its actions were not in violation of any law.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant's actions with respect to Plaintiff were based upon valid business reasons not related to Plaintiff's race or any other improper or unlawful basis.

### TWENTY FIRST AFFIRMATIVE DEFENSE

Plaintiff unreasonably delayed filing this action, thereby prejudicing Defendant and barring Plaintiff's claims under the doctrine of laches.

### TWENTY SECOND AFFIRMATIVE DEFENSE

Plaintiff's purported causes of action are barred, in whole or in part, by the applicable statute of limitations.

### TWENTY THIRD AFFIRMATIVE DEFENSE

Plaintiff unreasonably failed to complain about any alleged harassment.

### TWENTY FOURTH AFFIRMATIVE DEFENSE

FedEx is not liable for actions of any alleged agent which were outside the scope of the agent's employment.

Because Plaintiff's Complaint is couched in broad and conclusory terms, FedEx cannot fully anticipate all defenses that may be applicable to the action. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

Respectfully submitted,

    s/Michael E. Gabel
Michael E. Gabel
GAB003
Ala. Bar No. ASB-1327-B60M
Tn. Bar No. 023152
Senior Counsel
Federal Express Corporation
3620 Hacks Cross Road
Bldg. B, 2nd Floor
Memphis, Tennessee  38125
(901) 434-0016
(901) 434-4523 Fax

Attorney for Defendant

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing Answer has been served via FedEx Overnight Delivery, postage prepaid to

>Ingrid Blizzard, pro se Plaintiff
>2604 Sunset Strip
>Tuskegee, AL  36088
>334-727-1376

on this 17th day of November, 2006.

                                          ____s/Michael Gabel_____
                                              OF COUNSEL

622333