IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

INGRID BLIZZARD,     )
            )
   Plaintiff,     )
            )
v.           )   2:06-CV-00891-MEF
            )
FEDERAL EXPRESS CORPORATION )
            )
   Defendant.    )

## **ORDER**

Upon referral of this case for action on all pretrial matters and for recommendation as may be appropriate (Doc. 3), the undersigned Magistrate Judge considers the *Motion to Appoint Counsel* (Doc.15, January 17, 2007)[1] and *Motion to Appoint Counsel* (Doc.17, February 8, 2007).[2]

On January 19, 2007, the Court ordered Plaintiff to file an amended motion to appoint counsel and an affidavit which should address the following issues:

(1) Specific details as to Plaintiff's own efforts to secure counsel;

(2) A summary of Plaintiff's factual allegations against Defendant. Plaintiff shall provide specific details as to her allegations against Defendant. Particularly, details of specific instances of discrimination by Defendant against Plaintiff;

---

[1] Plaintiff submitted a letter dated January 12, 2007 requesting the appointment of counsel because she is having "financial difficulties and need[s] assistance." The Court accepted this filing as a Motion to Appoint Counsel.

[2] Plaintiff submitted another letter dated January 30, 2007. The Court also accepted this filing as a Motion to Appoint Counsel. The letter included a salary verification letter which the court notes is the same letter submitted with her Amended Motion for In Forma Pauperis (Doc. 5, filed October 17, 2006). The letter only addresses her salary from June-August 2006.

(3)   A detailed explanation as to Plaintiff's statement that she "needs assistance" in this matter.

*See* Doc. 16.  The Court also warned a failure to comply with the requirements of the order would result in a denial of Plaintiff's request.

Plaintiff's second *Motion to Appoint Counsel* does not comply with the Court's Order. While Plaintiff has provided some evidence of her financial situation[3] and some specific details as to her alleged complaints, Plaintiff fails to discuss her efforts to secure counsel on her own.  Further, it is difficult for the court to evaluate the merits of her claim based on the details provided.  While Plaintiff has made some general allegations against Defendant, she has not articulated a cognizable claim warranting the appointment of counsel under 42 U.S.C. § 2000e-5(f)(1) and the applicable Eleventh Circuit caselaw. *See Hunter v. Department of the Air Force Agency*, 846 F.2d 1314, 1317 (11th Cir. 1988); *Luna v. International Ass'n of Machinists and Aerospace Workers Local #36*, 614 F.2d 529, 531 (5th Cir. 1980). Accordingly, it is

**ORDERED** that Plaintiff's *Motion to Appoint Counsel* (Doc.15, January 17, 2007) and *Motion to Appoint Counsel* (Doc.17, February 8, 2007) are **DENIED**.

DONE this 9th day of February, 2007.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

_____

[3]     As previously noted, the financial letter attached to Plaintiff's second Motion to Appoint Counsel is the same letter provided in October 2006 and provides no updated information as to Plaintiff's financial status since that time.