**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **INGRID BLIZZARD,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 2:06cv891-MEF** |
| **v.** | ) | |
| | ) | |
| **FEDERAL EXPRESS CORPORATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEFENDANT'S MOTION FOR MATTERS CONTAINED WITHIN
DEFENDANT'S REQUEST FOR ADMISSIONS TO BE DEEMED ADMITTED
AND CONCLUSIVELY ESTABLISHED**

Defendant, Federal Express Corporation, d/b/a FedEx Express ("FedEx") moves this Court, pursuant to Federal Rule of Civil Procedure 36(a), for an Order holding that all matters contained within FedEx's Request for Admissions be deemed admitted and conclusively established.

When serving a Request for Admission, "the matter is admitted unless, within 30 days after service of the request. . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection." Fed. R. Civ. P. 36(a).

If a party does not respond to a Request for Admission within the timeframe designated by the Federal Rules of Civil Procedure, the matters addressed therein will be deemed admitted. Rule 36 provides that each matter "*is admitted unless*, within 30 days after the service of the request. . . the party to whom the request is directed serves. . . a written answer or objection." Fed. R. Civ. P. 36 (emphasis added). "Failure to timely respond to requests for admission results in automatic admission of the matters requested."

1

Essex Builders Group, Inc. v. Amerisure Ins. Co., 230 F.R.D. 682, 686 (M.D. Fla. 2005).
*See also* Anheuser-Busch, Inc. v. Philpot, 317 F.3d 1264, 1265 (11th Cir. 2003) ("A request that is not responded to within 30 days of service is deemed admitted"); United States v. 2204 Barbara Lane, 960 F.2d 126, 129-30 (11th Cir. 1992) ("requests for admissions are automatically deemed admitted if not answered within 30 days," and the "matters therein are 'conclusively established'"); Lawson v. Bruno's Inc., No. 91-0992-B-C, 1993 U.S. Dist. LEXIS 3629 (S.D. Ala. Mar. 23, 1993) (admissions, if not denied within 30 days, are deemed admitted).

FedEx served its First Request for Admissions on Plaintiff on March 30, 2007. *See attached* Exhibit A (Defendant's First Request for Admission to Plaintiff). However, Plaintiff failed to respond within thirty days.

In a good faith effort to resolve this dispute without court intervention, FedEx forwarded correspondence to Plaintiff on May 7, 2007, requesting a response to the Defendant's Request for Admission. The correspondence dated May 7, 2007 is attached hereto as Exhibit B.

In another good faith effort to resolve this dispute, FedEx forwarded the Plaintiff a second letter on May 24, 2007. This correspondence reminded the Plaintiff that her responses to FedEx were overdue, and extended the deadline for responding to the Defendant's Request for Admissions, Request for Production, and Interrogatories to Friday, June 1, 2007. The correspondence dated May 24, 2007 is attached hereto as Exhibit C. However, Plaintiff has failed to respond to FedEx's Request for Admissions.

Plaintiff's *pro se* status does not excuse a failure to respond to FedEx's Request for Admissions. *Pro se* litigants are required to inform themselves and comply with

procedural rules. The United States Supreme Court emphasized that *pro se* litigants must comply with procedural rules in civil litigation, holding that:

> [W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."

McNeil v. United States, 508 U.S. 106, 112 (1993) (*quoting* Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980)).

The Eleventh Circuit emphasized the procedural responsibility of *pro se* litigants, holding that "*pro se* litigants, while entitled to liberal construction of their pleadings, are required to conform to procedural rules." Parks v. City of Carrollton, No. 05-11427, 2005 U.S. App. LEXIS 19917 (11th Cir. Sept. 14, 2005). *See also* Burger King Corp. v. Weaver, 169 F.3d 1310, 1315 (11th Cir. 1999); Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

Plaintiff is charged with understanding and complying with the procedural rules of court, including Rule 36, which mandates a timely response to FedEx's Request for Admissions. Due to the fact that the Plaintiff did not respond to FedEx's First Request for Admissions, which were served on Plaintiff on March 30, 2007, Defendant's Requests for Admission should accordingly be admitted under Rule 36.

Based on the foregoing, FedEx moves this Court for an Order holding that all matters contained within its Request for Admissions be deemed admitted and conclusively established, and for such other relief as this Court deems appropriate.

DATED this 4th day of June, 2007.

FEDERAL EXPRESS CORPORATION

By: ___s/Michael E. Gabel___
     Michael E. Gabel (GAB003)
     ASB # 1327-B60M
     Senior Counsel
     Federal Express Corporation
     3620 Hacks Cross Road, Bldg. B
     Memphis, Tennessee 38125
     (901) 434-0016
     (901) 434-4523 (fax)

     Attorney for the Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing pleading has been served via Federal Express Overnight delivery on this 4th day of June, 2007 to the following address:

Ingrid Blizzard
*Pro Se* Plaintiff
2604 Sunset Strip
Tuskegee, Alabama 36088
(334) 727-1376

_s/Michael E. Gabel_____
OF COUNSEL

doc. 646489



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

INGRID BLIZZARD,          )
                               )
         **Plaintiff,**    )    **Case No. 2:06cv891-MEF**
                               )
**vs.**                       )
                               )
**FEDERAL EXPRESS CORPORATION,** )
                               )
        **Defendants.**    )
                               )

---

## DEFENDANT'S FIRST REQUEST FOR ADMISSION TO PLAINTIFF

---

Defendant, Federal Express Corporation, d/b/a FedEx Express ("FedEx"), pursuant to Rule 36 of the Federal Rules of Civil Procedure, requests that Plaintiff Ingrid Blizzard admit the truth of the matters set forth below relating to the statements or opinions of fact or of the application of law to fact, including genuineness of any document described in this request.

### INSTRUCTIONS

The matter is admitted unless, within thirty (30) days after service of this request or within such shorter or longer time as the court may allow, you serve upon counsel for Defendant a written answer or objection addressed to the matter, signed by you or your attorney as appropriate. If an objection is made or a privilege is asserted, the reasons or basis therefore shall be stated in your response. You are required to admit the truth of the matters set forth herein or, specifically deny the matter, or set forth in detail the reasons why you cannot truthfully admit or deny it. A denial must fairly meet the substance of the requested admission. If any portion of a particular request is

truthful, you must in good faith qualify your answer, or deny only part of the matter of which an admission is requested, and specify so much of it as is true, qualifying or denying the remainder.

You may not give lack of information or knowledge as a reason for failure to admit, unless you have made reasonable inquiry and the information known or easily obtainable is insufficient to enable you to admit or deny. The assertion that a request presents a genuine issue for trial is not a sufficient ground to object to a request.

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

A.    <u>Parties</u>.   The term "plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party (e.g., you), means the party and, where applicable, its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates and other persons acting on its behalf. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

B.    <u>Person</u>.   The term "person" is defined as any natural person, corporation, partnership, sole proprietorship, union, association, federation, any legal or governmental entity, or any other kind of business and employees or agents thereof.

C.    <u>Document</u>. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 34(a) and includes computer records in any format. A draft or non-identical copy is a separate document within the meaning of this term. The term "document" also includes "any tangible things" as that term is used in Rule 34(a). A "document" means all writings of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, including without limitation, correspondence, memoranda, notes,

affidavits, statements, diaries, personal writings, statistics, computations, letters, telegrams, minutes, contracts, reports, studies, checks, receipts, returns, summaries, pamphlets, books, interoffice and intra-office communications, notations of any sort of conversation, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, emails, teletypes, telefax, invoices, work sheets, all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or oral records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotapes, recordings, motion pictures), and any electronic, mechanical, or electric records or representations of any kind (including, without limitation, tapes, cassettes, discs, recordings, voice messages and computer memories).

     D.    <u>Communication</u>.   The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, documents or otherwise.

     E.    <u>Identify (natural person)</u>.  When referring to a natural person, "identify" means to give, to the extent known, the person's full name, present or last known address, telephone number, and that person's present or last known place of employment and job title.  Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

     F.    <u>Identify (entity)</u>.  When referring to any person other than a natural person, such any business, a legal or governmental entity, an association, federation or a union, "identify" means to give, to the extent known, the person's full name, present or last known address, telephone number (old and new), and identify the present or last known agent or supervisory employee of the entity most likely to be able to confirm or provide the information sought in the discovery request.

G.    Identify (document).  When referring to documents, "identify" means to give, to the extent known, the following information: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; (d) the authors, addressees, and recipients of the document; (e) the location of the document; (f) the identity of the person who has custody of the document; and (g) whether the document has been destroyed, and if so, (I) the date of its destruction, (ii) the reason for its destruction, and (iii) the identity of the person who destroyed it.

H.    Identify (communication).  When referring to any communication, "identify" means to give, to the extent known, the following information:  (a) the type of communication (e.g., by telephone, face-to-face, on paper); (b) the general subject matter of the communication; (c) the date of the communication; (d) the identity of all persons by whom or to whom such communication was made or heard; (e) where each person involved was physically located at the time of the communication; and (f) the identity of all other persons who were or might have been present or in the general vicinity at the time of such communication.

I.    Identify (occurrence).  When referring to any occurrence, "identify" means to give, to the extent known, the following information:  (a) the general nature of the occurrence; (b) the date of the occurrence, including the time of day; (c) the location where the occurrence took place; (d) the identity of all persons involved in the occurrence; and (e) the identity of all persons (employee and non-employee) who witnessed or have knowledge of the occurrence, and (f) a detailed narration of the occurrence, including (i) the action taken or role played by each person involved, (ii) any circumstances leading up to or causing the event, and (iii) any alleged consequences.

J.    Relating/Relate.  The terms "relating" and "relate" shall be construed in the broadest sense and shall mean directly or indirectly concerning, referring, describing, settling

forth, discussing, mentioning, commenting upon, supporting, contradicting, evidencing, constituting, or referring to the subject or topic in question, either in whole or in part.

K.     <u>All/each</u>.  The terms "all" and "each" should be construed as "and," "each," and "and/or."

L.     <u>Any</u>.  The term "any" should be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

M.     <u>And/Or</u>.  The connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of the scope.

N.     <u>Number</u>.  The use of the singular form of any word includes the plural and vice versa.

O.     <u>Complaint</u>.  The term "Complaint" refers to the Complaint filed in this action.

P.     <u>You/Your</u>.  The terms "You" and "your" shall refer to Plaintiff, Ingrid Blizzard, and, where appropriate, Plaintiff's counsel, consultants, experts, investigators, agents, or other persons acting on Plaintiff's behalf.

Q.     <u>Defendant</u>.  The term "Defendant" shall refer to Federal Express Corporation, ("FedEx"), its officers, employees, agents or other persons acting on its behalf.

## <u>REQUESTS FOR ADMISSION</u>

**<u>REQUEST FOR ADMISSION No. 1:</u>**  Admit that Plaintiff was absent from work on July 22, 2005.

**<u>ANSWER:</u>**

_____

_____

_____

_____

_____


**REQUEST FOR ADMISSION No. 2:**  Prior to her start time on July 22, 2005, admit

that Plaintiff did not speak to any FedEx employee regarding her absence from work that day.


**ANSWER:**

_____

_____

_____

_____

_____


**REQUEST FOR ADMISSION No. 3:**  Admit that Plaintiff was absent from work on

September 23, 2005.

**ANSWER:**

_____

_____

_____

_____

_____

**REQUEST FOR ADMISSION No. 4:**  Prior to her start time on September 23, 2005, admit that Plaintiff did not speak to any FedEx employee regarding her absence from work that day.

**ANSWER:**

_____

_____

_____

_____

_____

**REQUEST FOR ADMISSION No. 5:**  Admit that Plaintiff was aware of the existing FedEx policy that all employees who are delayed or prevented from coming to work must notify their manager (or another member of management) prior to their scheduled start time.

**ANSWER:**

_____

_____

_____

_____

_____

**REQUEST FOR ADMISSION No. 6:**   Admit that Plaintiff knew the night (on September 22, 2005) before that she did not have a ride to work on September 23, 2005.

**ANSWER:**

_____

_____

_____

_____

_____


**REQUEST FOR ADMISSION No. 7:**  Admit that Plaintiff was interviewed by FedEx Security Specialist Andy Harris on or about July 29, 2005.

**ANSWER:**

_____

_____

_____

_____

_____


**REQUEST FOR ADMISSION No. 8:**  Admit that Plaintiff knew the interview referenced in Request for Admission No. 7 was being recorded.

**ANSWER:**

_____

_____

_____

_____

_____

**REQUEST FOR ADMISSION No. 9:**  Admit that Plaintiff knew that it was against FedEx policy to take money from the cash drawer.

**ANSWER:**

_____

_____

_____

_____

_____


**REQUEST FOR ADMISSION No. 10:**  Admit that Plaintiff took money from the cash drawer.

**ANSWER:**

_____

_____

_____

_____

_____


**REQUEST FOR ADMISSION No. 11:**  Admit that Plaintiff was advised on July 13, 2005 by manager Nick Ashner that she is responsible for the security of her cash drawer and would be held responsible for failure to secure the funds.

**ANSWER:**

_____

_____

_____

_____

_____

**REQUEST FOR ADMISSION No. 12:**  Admit that Plaintiff failed to secure her cash drawer after being instructed to do so on July 13, 2005.

**ANSWER:**

_____

_____

_____

_____

_____

**REQUEST FOR ADMISSION No. 13:**  Admit that Plaintiff was instructed by FedEx management on August 8, 2005 to bring in the key she was given for her cash drawer the next day.

**ANSWER:**

_____

_____

_____

_____

_____

**REQUEST FOR ADMISSION No. 14:**  Admit that Plaintiff did not bring her cash drawer key to work on August 9, 2005 as management had directed her to do.

**ANSWER:**

_____

_____

_____

_____

_____


**REQUEST FOR ADMISSION No. 15:**  Admit that Plaintiff has not heard her former manager Nick Ashner make discriminatory remarks to or about Plaintiff.

**ANSWER:**

_____

_____

_____

_____

_____


**REQUEST FOR ADMISSION No. 16:**  Admit that Plaintiff has not heard her former manager Gary Hall make discriminatory remarks to or about Plaintiff.

**ANSWER:**

_____

11

_____

_____

_____

_____

**REQUEST FOR ADMISSION No. 17:** Admit that Plaintiff has not heard her former

senior manager Jannette Maye make discriminatory remarks to or about Plaintiff.

**ANSWER:**

_____

_____

_____

_____

_____

Respectfully submitted,

Michael E. Gabel
Federal Express Corporation
3620 Hacks Cross Road
Bldg. B, 2nd Floor
Memphis, TN  38125
(901) 434-0016
(901) 434-4523 (fax)

Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing pleading has been served via Federal Express Overnight delivery on this 30th day of March, 2007 to the following address:

Ingrid Blizzard
*Pro Se* Plaintiff
2604 Sunset Strip
Tuskegee, Alabama 36088
(334) 727-1376

OF COUNSEL

637408

13

Legal Department
3620 Hacks Cross Road
Building B, 3rd Floor
Memphis, TN 38125

Telephone 901.434.8600

**FedEx.**
Express



## VIA FEDEX OVERNIGHT LETTER

May 7, 2007

Ingrid Blizzard
2604 Sunset Strip
Tuskegee, AL 36088
334-727-1376

RE:    Ingrid Blizzard v. Federal Express, et al.
       USDC Middle District Alabama, Case No. 2:06cv891
       FedEx Matter No. 60-10852

Dear Ms. Blizzard:

On March 30, FedEx sent you interrogatories, requests for documents and requests for admission in the above case. Under the Federal Rules of Civil Procedure, you were required to respond to these discovery requests within 30 days. As of today, I still have not received a response from you. Please forward your responses to me without additional delay.

Thank you for your attention to this matter. Please let me know if you have any questions.

Sincerely,

**FEDERAL EXPRESS CORPORATION**

Michael E. Gabel
Senior Counsel
901-434-0016 (Voice)
901-434-4523 (Fax)

644371

3620 Hacks Cross Road
Building B, 3rd Floor
Memphis, TN 38125

Telephone 15 901 434 8500



DEFENDANT'S
EXHIBIT
C


Express

## VIA FEDEX OVERNIGHT LETTER

May 24, 2007

Ingrid Blizzard
2604 Sunset Strip
Tuskegee, AL 36088
334-727-1376

RE:    Ingrid Blizzard v. Federal Express, et al.
       USDC Middle District Alabama, Case No. 2:06cv891
       FedEx Matter No. 60-10852

Dear Ms. Blizzard:

Please allow this letter to confirm that I have agreed to extend your deadline for responding to the interrogatories, requests for production and requests for admission that FedEx served on you to Friday, June 1, 2007.

FedEx sent these requests to you on March 30. On May 7, I wrote to you and informed you that your responses were overdue. My office subsequently received a telephone message from you stating that the responses would be sent to me by May 17, but I have not received any response. Please be advised that if I do not receive your responses by next Friday, I will seek the assistance of the court.

Thank you for your attention to this matter.

Sincerely,

**FEDERAL EXPRESS CORPORATION**

Michael E. Gabel
Senior Counsel
901-434-0016 (Voice)
901-434-4523 (Fax)

646827

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| INGRID BLIZZARD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:06cv891-MEF |
| v. | ) | |
| | ) | |
| FEDERAL EXPRESS CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PROPOSED ORDER GRANTING DEFENDANT'S MOTION FOR AN ORDER
HOLDING ALL MATTERS CONTAINED WITHIN ITS REQUEST FOR
ADMISSIONS BE DEEMED ADMITTED AND CONCLUSIVELY
ESTABLISHED

Defendant Federal Express Corporation, d/b/a FedEx Express (hereafter "Defendant" or "FedEx"), moves the Court for an Order holding that its Request for Admissions served on Plaintiff, Ingrid Blizzard, on March 30, 2007 be deemed admitted and conclusively established, and the Court finds that Plaintiff did not respond to FedEx's Request for Admissions and the time required by Federal Rule of Civil Procedure 36(a) has expired. Therefore, FedEx's Motion is **GRANTED.**

**IT IS HEREBY ORDERED** that Federal Express Corporation's Request for Admissions are deemed admitted and conclusively established.

Dated this ____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE

doc. 646138

1