**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **INGRID BLIZZARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 2:06cv891-MEF** |
| **v.** | ) | |
| | ) | |
| **FEDERAL EXPRESS CORPORATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MOTION TO COMPEL PLAINTIFF TO RESPOND TO DISCOVERY

Pursuant to Federal Rule of Civil Procedure 37, Defendant, Federal Express Corporation, d/b/a FedEx Express ("FedEx") moves this Court for an Order to Compel Plaintiff to respond to Defendant's Interrogatories and Request for Production.

Rule 33(b)(3) requires "the party upon whom the interrogatories have been served" to respond with "answers, and objections if any, within thirty days." Fed. R. Civ. P. 33(b)(3). According to Rule 34(b), "the party upon whom the request is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). A Motion to Compel Discovery is appropriate where "the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." Fed. R. Civ. P. 37(a)(2)(B).

FedEx submitted Interrogatories and Request for Production to the Plaintiff on March 30, 2007. *See attached* Exhibit A (Defendant's First Interrogatories to Plaintiff) and Exhibit B (Defendant's First Request for Production of Documents to Plaintiff). Plaintiff failed to respond to the discovery requests within thirty (30) days, as required

by Rules 33(b) and 34(b).

In a good faith effort to resolve this dispute without court intervention, FedEx forwarded correspondence to Plaintiff on May 7, 2007, requesting a response to the Defendant's Interrogatories and Request for Production. The correspondence dated May 7, 2007 is attached hereto as <u>Exhibit C.</u>

Plaintiff responded by telephone, indicating that she would submit the requested discovery responses to FedEx by May 17, 2007.   However, Plaintiff has not responded to FedEx's Interrogatories or Request for Production, which were originally due on April 30, 2007.

In another good faith effort to resolve this dispute, FedEx forwarded the Plaintiff a second letter on May 24, 2007.  This correspondence reminded the Plaintiff that her responses to FedEx were overdue, and extended the deadline for responding to the Defendant's Request for Admissions, Request for Production, and Interrogatories to Friday, June 1, 2007.  The correspondence dated May 24, 2007 is attached hereto as <u>Exhibit D.</u>   Plaintiff has failed to respond to FedEx's Request for Admissions.

Based on the foregoing, FedEx moves this Court for an Order to Compel Plaintiff to respond to the Defendant's Interrogatories and Request for Production, and for such other relief as this Court deems appropriate.

DATED this 4th day of June, 2007.

FEDERAL EXPRESS CORPORATION

s/Michael E. Gabel
Michael E. Gabel (GAB003)
ASB # 1327-B60M
Senior Counsel
3620 Hacks Cross Road, Bldg. B
Memphis, Tennessee 38125
(901) 434-0016
(901) 434-4523 (fax)

Attorney for the Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing pleading has been served via Federal Express Overnight delivery on this 4th day of June, 2007 to the following address:

Ingrid Blizzard
*Pro Se* Plaintiff
2604 Sunset Strip
Tuskegee, Alabama 36088
(334) 727-1376

s/Michael E. Gabel
OF COUNSEL

doc. 646310.



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| INGRID BLIZZARD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:06cv891-MEF |
| vs. | ) | |
| | ) | |
| FEDERAL EXPRESS CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

### DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFF

---

Defendant, Federal Express Corporation, d/b/a FedEx Express ("FedEx"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby requests that Plaintiff, Ingrid Blizzard ("Plaintiff"), answer the following interrogatories separately and fully in writing and under oath within thirty (30) days from the date of service hereof.

### INSTRUCTIONS

In answering these interrogatories, furnish all information available to you, including information in the possession of your attorneys or their investigators as applicable, and all persons acting on your behalf and not merely such information of your own personal knowledge. If you cannot answer the interrogatories in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

The interrogatories which follow are to be considered as continuing, and you are requested to provide, by way of supplementary answers thereto, such additional information as you or any other person acting on your behalf may hereafter obtain which will augment or otherwise modify your answers now given to the interrogatories below.

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

A.    <u>Parties</u>.    The term "plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party (e.g., you), means the party and, where applicable, its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates and other persons acting on its behalf.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

B.    <u>Person</u>.    The term "person" is defined as any natural person, corporation, partnership, sole proprietorship, union, association, federation, any legal or governmental entity, or any other kind of business and employees or agents thereof.

C.    <u>Document</u>.    The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 34(a) and includes computer records in any format.  A draft or non-identical copy is a separate document within the meaning of this term.  The term "document" also includes "any tangible things" as that term is used in Rule 34(a).  A "document" means all writings of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, including without limitation, correspondence, memoranda, notes, affidavits, statements, diaries, personal writings, statistics, computations, letters, telegrams,

minutes, contracts, reports, studies, checks, receipts, returns, summaries, pamphlets, books, interoffice and intra-office communications, notations of any sort of conversation, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, emails, teletypes, telefax, invoices, work sheets, all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or oral records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotapes, recordings, motion pictures), and any electronic, mechanical, or electric records or representations of any kind (including, without limitation, tapes, cassettes, discs, recordings, voice messages and computer memories).

     D.    <u>Communication.</u>    The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, documents or otherwise.

     E.    <u>Identify (natural person).</u>  When referring to a natural person, "identify" means to give, to the extent known, the person's full name, present or last known address, telephone number, and that person's present or last known place of employment and job title.  Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

     F.    <u>Identify (entity).</u>  When referring to any person other than a natural person, such any business, a legal or governmental entity, an association, federation or a union, "identify" means to give, to the extent known, the person's full name, present or last known address, telephone number (old and new), and identify the present or last known agent or supervisory employee of the entity most likely to be able to confirm or provide the information sought in the discovery request.

G.    Identify (document).  When referring to documents, "identify" means to give, to the extent known, the following information: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; (d) the authors, addressees, and recipients of the document; (e) the location of the document; (f) the identity of the person who has custody of the document; and (g) whether the document has been destroyed, and if so, (I) the date of its destruction, (ii) the reason for its destruction, and (iii) the identity of the person who destroyed it.

H.    Identify (communication).  When referring to any communication, "identify" means to give, to the extent known, the following information:  (a) the type of communication (e.g., by telephone, face-to-face, on paper); (b) the general subject matter of the communication; (c) the date of the communication; (d) the identity of all persons by whom or to whom such communication was made or heard; (e) where each person involved was physically located at the time of the communication; and (f) the identity of all other persons who were or might have been present or in the general vicinity at the time of such communication.

I.    Identify (occurrence).  When referring to any occurrence, "identify" means to give, to the extent known, the following information:  (a) the general nature of the occurrence; (b) the date of the occurrence, including the time of day; (c) the location where the occurrence took place; (d) the identity of all persons involved in the occurrence; and (e) the identity of all persons (employee and non-employee) who witnessed or have knowledge of the occurrence, and (f) a detailed narration of the occurrence, including (i) the action taken or role played by each person involved, (ii) any circumstances leading up to or causing the event, and (iii) any alleged consequences.

J.    Relating/Relate.  The terms "relating" and "relate" shall be construed in the broadest sense and shall mean directly or indirectly concerning, referring, describing, settling

4

forth, discussing, mentioning, commenting upon, supporting, contradicting, evidencing, constituting, or referring to the subject or topic in question, either in whole or in part.

K. <u>All/each</u>. The terms "all" and "each" should be construed as "and," "each," and "and/or."

L. <u>Any</u>. The term "any" should be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

M. <u>And/Or</u>. The connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of the scope.

N. <u>Number</u>. The use of the singular form of any word includes the plural and vice versa.

O. <u>Complaint</u>. The term "Complaint" refers to the Complaint filed in this action.

P. <u>You/Your</u>. The terms "You" and "your" shall refer to Plaintiff, Ingrid Blizzard, and, where appropriate, Plaintiff's counsel, consultants, experts, investigators, agents, or other persons acting on Plaintiff's behalf.

Q. <u>Defendant</u>. The term "Defendant" shall refer to Federal Express Corporation, ("FedEx"), its officers, employees, agents or other persons acting on its behalf.

## INTERROGATORIES

**INTERROGATORY NO. 1**: Identify each individual that you contend was involved in or has knowledge of any/all matters alleged in Plaintiff's Complaint. Provide a summary of the knowledge and/or opinions (favorable or unfavorable) you believe each person has regarding your claims.

**ANSWER:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INTERROGATORY NO. 2**: Identify each individual who you believe will support the

allegations in the Complaint that Plaintiff was subjected to discrimination.

**ANSWER:**

**INTERROGATORY NO. 3**: For each individual identified in Interrogatories Nos. 1 and 2, please identify the last time you spoke to each individual and whether you have asked him or her to testify on your behalf.  Specify whether the communication was oral or written, and if written, identify all documents which reflect any communication.

**ANSWER:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INTERROGATORY NO. 4**: If related to the facts that are the subject of this litigation, please identify any statements that have already been taken by Plaintiff, any statements that plaintiff intends to have taken, and any statements taken on plaintiff's behalf by any person. Please include the date the statement was taken, the person making the statement, the person taking the statement and the present location of the statement.

**ANSWER:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INTERROGATORY NO. 5**: Identify each person you expect to call as an expert witness at trial.

**ANSWER:**

_____

_____

_____

_____

_____

_____

_____

**INTERROGATORY NO. 6**: For each expert witness identified in Interrogatory No.5, state the substance of the facts and opinions to which the expert is expected to testify, provide a summary of the grounds for each opinion, identify any documents reviewed by the expert witness and identify any documents used to substantiate each opinion.

**ANSWER:**

_____

_____

_____

_____

_____

_____

_____

**INTERROGATORY NO. 7**: If you have consulted any physician, psychologist, psychiatrist, pharmacist, healing arts practitioner or any medical/health care provider for treatment, consultation, evaluation, diagnosis, referral, advice, examination or seeking a prescription from 1997 up to the present, state the name, address and telephone number for each physician, psychologist, psychiatrist, pharmacist, healing arts practitioner or any medical/health care provider and include the name of the facility, hospital or organization they are affiliated with.

**ANSWER:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INTERROGATORY NO. 8**: Please provide a work history since the beginning of your employment with Defendant to the present.  Include the following in your answer:

(1)    If you have held another position, please identify each employer, the position held and the dates of your employment.  Your answer should include any periods that you have been self-employed or acted as an independent contractor.

(2)    If you have sought employment (successfully or not) with another employer, please identify each employer with whom you sought employment and fully describe all efforts you made to seek employment, (such as resume building workshop or work searches performed) which would mitigate your claim for losses.

(3)    Identify all periods that you have been unemployed and state why.

**ANSWER:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INTERROGATORY NO. 9**: List all sources of income or financial support for the past ten (10) years, including wages, unemployment compensation, workers' compensation, disability income, insurance benefits, state or federal governmental aid, grants, scholarships, gifts, income from hobbies, gambling income, auctions, monthly stipends, trust payments, loans, refinance monies, alimony, usage fees, rent payments and any other sources of income. For all sources of income, state the type of income, provide contact information (name, address and telephone number) for each source, the amount of income received, dates during which income was received and the reason for its termination (if applicable).

**ANSWER:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INTERROGATORY NO. 10**: Beginning with high school, please provide your educational or vocational training background, including the name of any school or other educational facility, address, dates of attendance, general area of study, and indicate all reasons why you are no longer attending (i.e. graduated).  Your answer should also include any military training, independent coursework and formal training provided by an employer.

**ANSWER:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INTERROGATORY NO. 11**: If plaintiff contends there were individuals similarly situated to Plaintiff who were treated differently, identify each and every individual (including their race) and specifically describe the treatment plaintiff contends was different.

**ANSWER:**

_____

_____

_____

_____

_____

_____

_____

**INTERROGATORY NO. 12**: Identify any employment policies, procedures or practices Plaintiff contends were discriminatory.

**ANSWER:**

_____

_____

_____

_____

_____

_____

_____

_____

**INTERROGATORY NO. 13**: If Plaintiff contends that Plaintiff complained about the alleged discrimination to one or more of FedEx's agents or employees, please identify each complaint. Please include the following in your response:

(1)    Identify the person to whom the complaint was made.

(2)    State the date the complaint was made.

(3)    State the exact conduct complained of (please include any dates or persons cited).

(4)    State whether the complaint was put in writing.

(5)    State what action was taken in response to the complaint.

(6)    State what action Plaintiff contends should have been taken.

**ANSWER:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INTERROGATORY NO. 14**: State the total dollar amount of damages for each element of damage Plaintiff contends she sustained as a result of the alleged discrimination by FedEx.  In particular, state the amount of any income (or benefits) you believe you lost, identify any documents used and state in detail how you arrived at that figure.

**ANSWER:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INTERROGATORY NO. 15**: If Plaintiff sought and/or enrolled in any replacement benefits (i.e. health or life insurance), identify all benefit providers contacted for quotes or estimates (regardless of whether or not Plaintiff actually enrolled). Please include the following in your response:

(1)     Identify the benefit provider and provide contact information (address and telephone number).

(2)     Identify the type of benefit sought, a general description and whether the benefit is/was provided by or through an employer.

(3)     Identify the primary policy holder(s), any coverage limits, time/coverage periods, deductibles, dependants and beneficiaries.

(4)     Cost of the benefit and method of payment.

(5)     If Plaintiff was not/is not presently covered or was not accepted for coverage, please state the reason why.

**ANSWER:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INTERROGATORY NO. 16**: State whether Plaintiff is or has ever been a party in any other lawsuit or legal proceedings within the past ten (10) years.  This should include any military, civil, criminal, bankruptcy and administrative proceedings.  For each lawsuit or legal proceeding, please identify the parties, the case number, the court and a brief description.

**ANSWER:**

_____

_____

_____

_____

_____

**INTERROGATORY NO. 17**: Identify each and every person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories.  Please include anyone who proofread or otherwise helped to rework any response.

**ANSWER:**

_____

_____

_____

_____

_____

**INTERROGATORY NO. 18**: Please identify all evidence, including, but not limited to, documents and statements, that supports your allegation that FedEx discriminated against Plaintiff because of Plaintiff's race.

**ANSWER:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Respectfully submitted,

Michael E. Gabel
Federal Express Corporation
3620 Hacks Cross Road
Bldg. B, 2nd Floor
Memphis, TN 38125
(901) 434-0016
(901) 434-4523 (fax)

Attorney for Defendant

20

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing pleading has been served via Federal Express Overnight delivery on this 30th day of March, 2007 to the following address:

Ingrid Blizzard
*Pro Se* Plaintiff
2604 Sunset Strip
Tuskegee, Alabama 36088
(334) 727-1376

OF COUNSEL

636779



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

INGRID BLIZZARD,                    )
                                    )
                    Plaintiff,      )        Case No. 2:06cv891-MEF
vs.                                 )
                                    )
FEDERAL EXPRESS CORPORATION,  )
                                    )
            Defendants.             )
                                    )

---

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION**
**OF DOCUMENTS TO PLAINTIFF**

---

Defendant, Federal Express Corporation, d/b/a FedEx Express ("FedEx"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby requests that Plaintiff, Ingrid Blizzard ("Plaintiff"), provide the following documents and things for inspection and copying within thirty (30) days from the date of service hereof. Pursuant to Rule 34, FedEx requests a written response from Plaintiff within that time which clearly states any objections, any applicable privilege log as described in the instructions and a list of documents to be provided. The instructions and definitions to be used in complying with these requests are as follows:

**INSTRUCTIONS**

With respect to this Request for Production of Documents, furnish all information available to you, including information in the possession of your attorneys or their investigators, and all persons acting on your behalf and not merely such information of your own personal knowledge. Identify the sources of each of the documents you produce. If you cannot answer any of the following requests in full after exercising due diligence to secure the information, so

state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions. If your response is that the documents are not in your possession or custody, describe in detail the unsuccessful efforts you made to locate the records, identify who has control of the records and the location. For the sake of convenience, please Bates stamp the documents you are producing.

If a privilege or other objection is asserted as to the production of any document or writing herein above, please state in detail the nature of the privilege or other objection being asserted and with respect to any such document or writing, please identify the document or writing by stating its date; name of author(s); name of recipient(s); subject matter; source; and present (or last known) location.

If any document requested to be produced was, but is no longer, in existence, state whether it is (1) missing or lost, (2) destroyed, (3) transferred voluntarily or involuntarily to another; if so, to whom; or (4) otherwise disposed of. In each instance, explain the circumstances surrounding an authorization for such disposition and state the approximate date thereof.

The requests which follow are to be considered as continuing, and you are requested to provide, by way of supplementary answers thereto, such additional information as you (or any other person acting on your behalf) may hereafter obtain which will augment or otherwise modify your answers now given to the Request for Production of Documents below.

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

A.    Parties.    The term "plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party (e.g., you), means the party and, where applicable, its agents, representatives, officers, directors, employees, partners, corporate parent,

subsidiaries, affiliates and other persons acting on its behalf. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

B.    Person.    The term "person" is defined as any natural person, corporation, partnership, sole proprietorship, union, association, federation, any legal or governmental entity, or any other kind of business and employees or agents thereof.

C.    Document.    The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 34(a) and includes computer records in any format. A draft or non-identical copy is a separate document within the meaning of this term. The term "document" also includes "any tangible things" as that term is used in Rule 34(a). A "document" means all writings of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, including without limitation, correspondence, memoranda, notes, affidavits, statements, diaries, personal writings, statistics, computations, letters, telegrams, minutes, contracts, reports, studies, checks, receipts, returns, summaries, pamphlets, books, interoffice and intra-office communications, notations of any sort of conversation, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, emails, teletypes, telefax, invoices, work sheets, all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or oral records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotapes, recordings, motion pictures), and any electronic, mechanical, or electric records or representations of any kind (including, without limitation, tapes, cassettes, discs, recordings, voice messages and computer memories).

D.    <u>Communication</u>.  The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, documents or otherwise.

E.    <u>Identify (natural person)</u>.  When referring to a natural person, "identify" means to give, to the extent known, the person's full name, present or last known address, telephone number, and that person's present or last known place of employment and job title.  Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

F.    <u>Identify (entity)</u>.  When referring to any person other than a natural person, such any business, a legal or governmental entity, an association, federation or a union, "identify" means to give, to the extent known, the person's full name, present or last known address, telephone number (old and new), and identify the present or last known agent or supervisory employee of the entity most likely to be able to confirm or provide the information sought in the discovery request.

G.    <u>Identify (document)</u>.  When referring to documents, "identify" means to give, to the extent known, the following information: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; (d) the authors, addressees, and recipients of the document; (e) the location of the document; (f) the identity of the person who has custody of the document; and (g) whether the document has been destroyed, and if so, (i) the date of its destruction, (ii) the reason for its destruction, and (iii) the identity of the person who destroyed it.

H.    <u>Identify (communication)</u>.  When referring to any communication, "identify" means to give, to the extent known, the following information:  (a) the type of communication (e.g., by telephone, face-to-face, on paper); (b) the general subject matter of the communication; (c) the date of the communication; (d) the identity of all persons by whom or to whom such

communication was made or heard; (e) where each person involved was physically located at the time of the communication; and (f) the identity of all other persons who were or might have been present or in the general vicinity at the time of such communication.

     I.    <u>Identify (occurrence)</u>.  When referring to any occurrence, "identify" means to give, to the extent known, the following information:  (a) the general nature of the occurrence; (b) the date of the occurrence, including the time of day; (c) the location where the occurrence took place; (d) the identity of all persons involved in the occurrence; and (e) the identity of all persons (employee and non-employee) who witnessed or have knowledge of the occurrence, and (f) a detailed narration of the occurrence, including (i) the action taken or role played by each person involved, (ii) any circumstances leading up to or causing the event, and (iii) any alleged consequences.

     J.    <u>Relating/Relate</u>.  The terms "relating" and "relate" shall be construed in the broadest sense and shall mean directly or indirectly concerning, referring, describing, settling forth, discussing, mentioning, commenting upon, supporting, contradicting, evidencing, constituting, or referring to the subject or topic in question, either in whole or in part.

     K.    <u>All/each</u>.  The terms "all" and "each" should be construed as "and," "each," and "and/or."

     L.    <u>Any</u>.  The term "any" should be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

     M.    <u>And/Or</u>.  The connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of the scope.

N.    <u>Number</u>.  The use of the singular form of any word includes the plural and vice versa.

O.    <u>Complaint</u>.  The term "Complaint" refers to the Complaint filed in this action.

P.    <u>You/Your</u>.  The terms "You" and "your" shall refer to Plaintiff, Ingrid Blizzard, and, where appropriate, Plaintiff's counsel, consultants, experts, investigators, agents, or other persons acting on Plaintiff's behalf.

Q.    <u>Defendant</u>.  The term "Defendant" shall refer to Federal Express Corporation, ("FedEx"), its officers, employees, agents or other persons acting on its behalf.


## <u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

**<u>REQUEST FOR PRODUCTION NO. 1</u>**:  Please provide all documents which were used, referenced, described or identified in Plaintiff's responses to FedEx's First Interrogatories to Plaintiff served herewith or Plaintiff's Rule 26 initial disclosures, which have not been produced previously.

**<u>ANSWER:</u>**

_____

_____

_____

_____

_____

**<u>REQUEST FOR PRODUCTION NO. 2</u>**:  Please produce a copy of your privilege log.

**<u>ANSWER:</u>**

_____

_____

_____

_____

_____

**REQUEST FOR PRODUCTION NO. 3**:  Please sign, execute and return the attached HIPAA Compliant Authorization and Employment Records Release forms to obtain the records of Plaintiff.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 4**:  Please provide all documents which refer or relate to any treatment, consultation, evaluation, diagnosis, referral, advice, examination or prescription by any and all physicians, psychiatrists, psychologists, social workers, counselors, analyst, therapists, or other health care professionals seen by Plaintiff during the last 10 years for any physical, emotional, mental problem(s), and/or any other irregular conditions(s) or situation(s).

**ANSWER:**

_____

_____

_____

_____

_____

**REQUEST FOR PRODUCTION NO. 5**:  Please produce copies of all documents related to any state and federal income tax returns filed by you, on your behalf, or for any personal business whether filed by you individually or jointly, from 2001 to the present.  Include copies of any tax related documents (i.e. W2s); schedules (i.e. Schedule A), forms (i.e. 1040EZ), worksheets, drafts, working copies, schedules, any tax related correspondence, notes, any records of communication, appointment log, referral records, any documents reflecting invoices, expenses, banking accounts, loans, or other financial accounts to include such things as receipts, vouchers, monthly statements, notices regarding payments, interest, collection efforts, and balances; or any other document relating used by you or any tax preparation service you used to prepare your taxes.

**ANSWER:**

_____

_____

_____

_____

_____


**REQUEST FOR PRODUCTION NO. 6**:  Please provide a copy of all documents of any kind which you believe support the allegation in the Complaint that you were discharged because of your race.

**ANSWER:**

_____

_____

_____

_____

_____

**REQUEST FOR PRODUCTION NO. 7**:  Please provide all documents and other tangible things which you (or anyone on your behalf) either sent to or received from the United States Equal Employment Opportunity Commission, relating to your employment with FedEx.

**ANSWER:**

_____

_____

_____

_____

_____

**REQUEST FOR PRODUCTION NO. 8**:  Please produce all documents relating to or referring to any complaint Plaintiff made to any FedEx employee, including any supervisors and human resources personnel, pertaining to any aspect of Plaintiff's employment, including but not limited to, any documents Plaintiff provided to or received from the individual(s) to whom he complained and notes of conversations Plaintiff had with such individual(s).

**ANSWER:**

_____

_____

_____

_____

_____

**REQUEST FOR PRODUCTION NO. 9**:  Please produce each and every document, communication, handbook, training manual, memoranda, statement, letter, affidavit, writing, record, or any other item, thing or material, whether handwritten, printed, typewritten, recorded, or photocopied, which is either in your custody or the custody of any of your agents, representatives or attorneys which in any way pertains to your employment by FedEx, the employment by FedEx of any other employees, and the personnel policies and practices or business operations of FedEx.

**ANSWER:**

_____

_____

_____

_____

_____

**REQUEST FOR PRODUCTION NO. 10**:  Please produce all documents or things given to Plaintiff by FedEx or removed by Plaintiff from FedEx's premises, including, but not limited to training manuals, job descriptions, employment policies, personnel manuals, grievances, formal or informal performance evaluations and/or reviews, warnings or disciplinary notices, computer programs, computer disks, or computerized information, from 2001 to present.

**ANSWER:**

_____

_____

_____

_____

_____

**REQUEST FOR PRODUCTION NO. 11**:  Please provide all documents, recordings and other tangible things which relate to any and all contact, conversations or discussions by Plaintiff with any current or former representatives, agents or employees of the Defendant regarding any of the allegations asserted in the Complaint including, but not limited to Plaintiff's employment with FedEx; the terms and conditions of such employment; any change in Plaintiff's title, position, or job responsibilities; any disciplinary action(s) taken against him; Plaintiff's job performance; Plaintiff's separation from employment with FedEx; Plaintiff's grievance(s); and Plaintiff's lawsuit.

**ANSWER:**

_____

_____

_____

_____

_____

11

**REQUEST FOR PRODUCTION NO. 12**:  Please produce all written and tape recorded statements obtained by Plaintiff, or Plaintiff's agents, from potential witnesses, including but not limited to any current or former employees of FedEx, regarding this matter.

**ANSWER:**

_____

_____

_____

_____

_____

**REQUEST FOR PRODUCTION NO. 13**:  Please provide a copy of all diaries, notebooks, calendars, date books, and other scheduling or appointment records or devices maintained or prepared by Plaintiff from January 1, 2001 until the date of this request.

**ANSWER:**

_____

_____

_____

_____

_____

**REQUEST FOR PRODUCTION NO. 14**:  Please produce any and all documents, reports, statistical analysis, data bases, studies, investigations, statistical compilations and/or computations prepared by or at the direction of each expert or consultant whom you expect to

call as a witness at the trial, and any and all documents upon which any such expert or consultant whom you expect to testify at the trial intends to rely upon to formulate any opinion for or on your behalf, or upon which such expert or consultant has considered to prepare any such report, study, investigation, analysis, statistical compilation and/or computation.

**ANSWER:**

_____

_____

_____

_____

_____

**REQUEST FOR PRODUCTION NO. 15**:  Please produce all documents which evidence Plaintiff's efforts to mitigate damages and/or obtain employment since being discharged from FedEx.

**ANSWER:**

_____

_____

_____

_____

_____

**REQUEST FOR PRODUCTION NO. 16**:  Any and all documents, writings, or things related to any and all employment Plaintiff has held from 2001 to the present, including but not

limited to employee manuals and benefit books, wage statements, disciplinary records, a copy of each resume you have used in the past five (5) years and the like.

**ANSWER:**

_____

_____

_____

_____

_____

**REQUEST FOR PRODUCTION NO. 17**: Produce all documents with which Plaintiff intends to impeach, or reasonably can foresee using to impeach, any witnesses testifying on behalf of FedEx.

**ANSWER:**

_____

_____

_____

_____

_____

Respectfully submitted,

Michael E. Gabel
Federal Express Corporation
3620 Hacks Cross Road
Bldg. B, 2nd Floor
Memphis, TN  38125
(901) 434-0016
(901) 434-4523 (fax)

Attorney for Defendant

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing pleading has been served via Federal Express Overnight delivery on this 30th day of March, 2007 to the following address:

Ingrid Blizzard
*Pro Se* Plaintiff
2604 Sunset Strip
Tuskegee, Alabama 36088
(334) 727-1376

OF COUNSEL

636775

15

## HIPAA COMPLIANT AUTHORIZATION
*For the release of protected health information, medical
and/or mental health records*

To: <u>Physician, Psychologist, Psychiatrist, Pharmacist, Practitioner or other Medical/</u>

<u>Health Care Provider</u>

    I, **Ingrid Blizzard**, hereby request and authorize that you release copies of all pharmacy, hospital, medical, mental health and rehabilitation records, testing and testing results, receipts, payment vouchers and disbursing records to <u>Michael E. Gabel, Esq.</u>, attorney for FedEx Express (hereinafter "Recipient") for the purpose of litigation. This release includes, but is not limited to, notes and records concerning date(s) of appointment(s); records reflecting patient complaints, symptoms, diagnoses and treatment; records relating to prescribed drugs and drug therapy; physician referral records; billing and payment records; nursing notes; doctor progress notes; urine and blood testing results; admission and release summaries; therapy and rehabilitation reports; and psychological and psychiatric testing, reports and evaluations. You are <u>specifically authorized to release</u> those health records relating to protected health information, sexually transmitted diseases, AIDS, mental illness, psychiatric treatment, and/or drug or alcohol abuse treatment. Documents may be mailed to Recipient at the FedEx Express Legal Department, 3620 Hacks Cross Road, Building B, 2nd Floor, Memphis, TN 38125. Copying expenses will be paid by FedEx Express Legal Department upon receipt of an invoice and the records.

    This authorization is a free and voluntary act by me and automatically expires one hundred and eighty (180) days after the date on which it has been executed.

    This authorization may be revoked by me at any time via a written, signed and notarized revocation, except to the extent that you have already acted while relying upon this authorization. This authorization may not be revoked without notifying the Recipient of such revocation.

    The information disclosed by you pursuant to this authorization may be subject to rediscolosure by the Recipient and will no longer be subject to HIPAA regulation.

Name: **Ingrid Blizzard**
Social Security No.: **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**
Date of Birth: **May 29, 1965**

Signature: _____     Dated:_____

_____

**SUBSCRIBED AND SWORN** to before me this _____ day of _____, 2007.

_____
Notary Public Signature

My Commission Expires:_____

[seal]                                                                                           slw/636844

## EMPLOYMENT RECORDS RELEASE

TO WHOM IT MAY CONCERN:

    I, **INGRID BLIZZARD**, authorize and request all of my present or past employers, as well as all persons and companies with whom I have sought employment, to deliver to Michael Gabel, Attorney for Federal Express Corporation, 3620 Hacks Cross Road, 2nd Floor, Building B, Memphis, TN 38125, or his agent, any and all information about my application for employment and/or my employment, including applications for employment and personnel records, and I further authorize and request all such actual or prospective employers to discuss with Michael Gabel any and all matters concerning my application for employment or my employment, past, present, or future.

    I likewise authorize and request all agents and employees of the Alabama Department of Labor, similar agencies of all other states, and/or the United States Department of Labor to deliver to Michael Gabel, Attorney for Federal Express Corporation, 3620 Hacks Cross Road, 2nd Floor, Building B, Memphis, TN 38125, or his agent, any and all information in their possession, custody, or control, or otherwise available to them, about my application for employment and/or for unemployment compensation at any time.

    A photocopy of this Release is as valid and as binding as an original executed by the undersigned. This authorization is a free and voluntary act by me and automatically expires one hundred and eighty (180) days after the date on which it has been executed.

Signed by:

    Name:              **Ingrid Blizzard**
    Social Security No.:   **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**
    Date of Birth:     **May 29, 1965**

    Signature: _____    Dated:_____

636845

Eagle Express Plaza
3620 Hacks Cross Road
Building B, 3rd Floor
Memphis, TN 38125

Telephone 901-434-8600


Express

DEFENDANT'S
EXHIBIT
C

**VIA FEDEX OVERNIGHT LETTER**

May 7, 2007

Ingrid Blizzard
2604 Sunset Strip
Tuskegee, AL 36088
334-727-1376

RE:    Ingrid Blizzard v. Federal Express, et al.
       USDC Middle District Alabama, Case No. 2:06cv891
       FedEx Matter No. 60-10852

Dear Ms. Blizzard:

On March 30, FedEx sent you interrogatories, requests for documents and requests for admission in the above case. Under the Federal Rules of Civil Procedure, you were required to respond to these discovery requests within 30 days. As of today, I still have not received a response from you. Please forward your responses to me without additional delay.

Thank you for your attention to this matter. Please let me know if you have any questions.

Sincerely,

**FEDERAL EXPRESS CORPORATION**

Michael E. Gabel
Senior Counsel
901-434-0016 (Voice)
901-434-4523 (Fax)

644371

3620 Hacks Cross Road
Building B, 3rd Floor
Memphis, TN 38125

Telephone 901 434 8600



## VIA FEDEX OVERNIGHT LETTER

May 24, 2007

Ingrid Blizzard
2604 Sunset Strip
Tuskegee, AL 36088
334-727-1376

RE:  Ingrid Blizzard v. Federal Express, et al.
     USDC Middle District Alabama, Case No.  2:06cv891
     FedEx Matter No. 60-10852

Dear Ms. Blizzard:

Please allow this letter to confirm that I have agreed to extend your deadline for responding to the interrogatories, requests for production and requests for admission that FedEx served on you to Friday, June 1, 2007.

FedEx sent these requests to you on March 30.  On May 7, I wrote to you and informed you that your responses were overdue.  My office subsequently received a telephone message from you stating that the responses would be sent to me by May 17, but I have not received any response.  Please be advised that if I do not receive your responses by next Friday, I will seek the assistance of the court.

Thank you for your attention to this matter.

Sincerely,

**FEDERAL EXPRESS CORPORATION**

Michael E. Gabel
Senior Counsel
901-434-0016 (Voice)
901-434-4523 (Fax)

646827

DEFENDANT'S EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **INGRID BLIZZARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 2:06cv891-MEF** |
| **v.** | ) | |
| | ) | |
| **FEDERAL EXPRESS CORPORATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**PROPOSED ORDER GRANTING DEFENDANT'S MOTION
TO COMPEL PLAINTIFF TO RESPOND TO DISCOVERY REQUESTS**

**WHEREAS** Defendant Federal Express Corporation, d/b/a FedEx Express (hereafter "Defendant" or "FedEx"), moves the Court for an Order compelling Plaintiff, Ingrid Blizzard, to respond to FedEx's Request for Production and First Set of Interrogatories. The Court finds that Plaintiff did not respond in the time required by Federal Rules of Civil Procedure 33(b) and 34(b), and that Defendant, pursuant to Rule 37(a)(2)(B), acted in good faith to secure the information without court action. Therefore, FedEx's Motion is **GRANTED.**

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Discovery is hereby granted and that Plaintiff shall respond to Defendant's First Set of Interrogatories and Request for Production of Documents within 10 days from the date of this order.

Dated this _____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE

doc. 646133