IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| INGRID BLIZZARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:06-cv-891-MEF |
| | ) | |
| FEDERAL EXPRESS CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 3, filed October 6, 2006).[1]  Pending before the Court is *Defendant Federal Express Corporation's Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) and Memorandum in Support Thereof* (Doc. 27, filed July 10, 2007).  On July 10, 2007, the Court issued an order directing Plaintiff to show cause on or before July 25, 2007 why the motion to dismiss should not be granted.  *See* Doc. 28.  Plaintiff failed to respond to the Court's order.  However, Plaintiff notified the Clerk's office telephonically that she had not received the original show cause order.  Plaintiff confirmed her address was as listed. Thus, the Court issued an amended show cause order providing an extension for Plaintiff. Plaintiff was to file a response on or before August 13, 2007, but still did not file a response

---

[1]   The case was originally referred to Magistrate Judge Delores R. Boyd.  On January 8, 2007, it was reassigned to the undersigned.

to the Motion to Dismiss. Further, Plaintiff has not complied with discovery orders. For good cause, it is the Recommendation of the Magistrate Judge that the motion be granted.

## I. PARTIES

Plaintiff, Ingrid Blizzard ("Blizzard" or "Plaintiff"), is a resident of Tuskegee in Macon County, Alabama, within the Middle District of Alabama.

Defendant Federal Express Corporation ("Fed-Ex" or "Defendant") has its principal place of business in Memphis, Tennessee. Fed-Ex does have a facility in Montgomery, Alabama, within the Middle District of Alabama.

## II. JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1343 (civil rights) and 42 U.S.C. § 2000e-5 (Title VII). The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both.

## III. NATURE OF CASE/BACKGROUND

Blizzard initiated this Title VII action on October 3, 2006. *See* Doc. 1. The Court granted her Motion to Proceed *in forma pauperis* on November 1, 2006. Fed-Ex filed its answer on November 17, 2006. On January 17, 2007, Plaintiff filed a Motion to Appoint Counsel; however, after review the Court determined Blizzard had not satisfied the requirements under 42 U.S.C. § 2000e-5(f)(1) and the applicable Eleventh Circuit caselaw. *See* Docs. 15 through 18.

On March 20, 2007, the Court held a Scheduling Conference in order to explain the

importance of the discovery deadlines to the *pro se* Plaintiff. At the hearing, the Court warned Blizzard that her lack of representation does not excuse her from compliance with court orders and the Federal Rules.

On June 4, 2007, Fed-Ex filed its Motion to Compel Discovery and Motion to Deem Admissions citing to Blizzard's failure to respond to its discovery requests. *See* Docs. 23, 24. The Court issued an order directing Plaintiff to show cause on or before June 19, 2007 why the motions should not be granted. *See* Doc. 25. Blizzard failed to respond, so the Court granted the motions, deeming each request for admission admitted, and compelled Blizzard to respond to the interrogatories and request for production of documents by July 3, 2007. *See* Doc. 26.

On July 10, 2007, Fed-Ex filed its Motion to Dismiss for failure to prosecute. *See* Doc. 10. Fed-Ex states Blizzard had still not filed her discovery responses despite the Court's order to do so. *Id*. at p. 3. On July 10, 2007, the Court issued an order directing Blizzard to show cause on or before July 25, 2007 why the motion to dismiss should not be granted. *See* Doc. 28. To date, Blizzard has not responded nor has she served her discovery responses.

### IV. MOTION TO DISMISS FOR FAILURE TO PROSECUTE

Under Rule 41 of the Federal Rules of Civil Procedure, a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). Further, a district court may dismiss an action if a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2); *see also Gratton v. Great*

*American Communications*, 178 F.3d 1373, 1374-75 (11th Cir. 1999) (affirming dismissal of suit for discovery abuse where trial court found that plaintiff bore substantial responsibility for the delays in discovery and the defendants were not at fault); *Welch v. Comcar Indus.*, 139 Fed. Appx. 138, 139 (11th Cir. 2005) (citing Rule 37).  As the Supreme Court recognized in *Link v. Wabash R. Co.*, "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  370 U.S. 626, 629-630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962)  Nonetheless, the "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders."  *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1542 (11th Cir.1993) (citing *Navarro v. Cohan,* 856 F.2d 141, 142 (11th Cir.1988)).

Mindful of the judicial caution which should attend the dismissal of *pro se* actions, the Magistrate Judge nonetheless recommends dismissal of this action as Plaintiff has been provided more than a reasonable opportunity to prosecute this action.  Plaintiff was advised her lack of representation did not excuse her from compliance with the Federal Rules and orders of this Court.  In addition, Plaintiff was provided several opportunities to respond to discovery or explain her lack of response.  Consequently, it is reasonable to conclude that Plaintiff has chosen to abandon prosecution of her claims.

## V.  CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be **DISMISSED without prejudice for lack of prosecution**.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **August 29, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 16th day of August, 2007.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE